1

**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374

2

MICHAEL MCLOUGHLIN
Nevada Bar No. 12820

3

Email(s):  ghayes@tysonmendes.com

4

            mmcloughlin@tysonmendes.com

5

2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052

6

Telephone: (702) 724-2648

7

Facsimile: (702) 410-7684
*Attorneys for Defendant KRG Las Vegas*

8

*Centennial Center, LLC*

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

JUDITH ROSS, as an individual,

12

      Plaintiff,

13

      v.

14

15

THE HOME DEPOT, INC., a foreign
corporation; HOME DEPOT U.S.A. INC.

16

d/b/a THE HOME DEPOT, a foreign
corporation; HOME DEPOT

17

MANAGEMENT COMPANY, LLC d/b/a
THE HOME DEPOT, a foreign limited-

18

liability company; KRG LAS VEGAS
CENTENNIAL CENTER, LLC; a foreign

19

limited-liability company; DOES I-X; and
ROE CORPORATIONS I-X, inclusive

20

21

      Defendants.

22

Case No. 2:25-cv-00931

**STIPULATION AND ORDER TO ALLOW
KRG LAS VEGAS CENTENNIAL
CENTER, LLC TO ASSERT CROSS-
CLAIM AGAINST HOME DEPOT U.S.A.,
INC., THE HOME DEPOT, INC. AND
HOME DEPOT MANAGEMENT
COMPANY, LLC AND
TO ALLOW THE HOME DEPOT, INC.;
HOME DEPOT U.S.A. INC. d/b/a THE
HOME DEPOT; AND HOME DEPOT
MANAGEMENT COMPANY, LLC d/b/a
THE HOME DEPOT TO ASSERT CROSS-
CLAIMS AGAINST KRG LAS VEGAS
CENTENNIAL CENTER, LLC**

23

      IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and

24

through their respective counsel that KRG LAS VEGAS CENTENNIAL CENTER, LLC shall be

25

allowed to assert Crossclaim against Defendants HOME DEPOT U.S.A., INC. AND THE HOME

26

DEPOT, INC.

27

///

28

1

1    A copy of the [Proposed] Cross-Claim of KRG Las Vegas Centennial Center, LLC against

2    Home Depot U.S.A., Inc. and The Home Depot, Inc. is attached hereto as Exhibit "A."

3    IT IS FURTHER STIPULATED AND AGREED by and between the parties hereto, by

4    and through their respective counsel that THE HOME DEPOT, INC.; HOME DEPOT U.S.A. INC.

5    d/b/a THE HOME DEPOT; AND HOME DEPOT MANAGEMENT COMPANY, LLC d/b/a

6    THE HOME DEPOT shall be allowed to assert crossclaims against Defendant KRG LAS VEGAS

7    CENTENNIAL CENTER, LLC.

8    A copy of the [Proposed] Cross-Claim of The Home Depot, Inc., Home Depot U.S.A., Inc.

9    dba The Home Depot, and Home Depot Management Company, LLC dba The Home Depot

10    against KRG Las Vegas Centennial Center, LLC is attached hereto as Exhibit "B."

11    **IT IS SO STIPULATED.**

12    Dated this 25th day of September, 2025.        Dated this 25th day of September, 2025.

13    **TYSON & MENDES LLP**        **HENNESS & HAIGHT**

14    /s/ *Griffith Hayes*        /s/ *Jacob Smith*

15    GRIFFITH H. HAYES        JACOB S. SMITH
      Nevada Bar No. 7374        Nevada Bar No. 10231

16    MICHAEL MCLOUGHLIN        8972 Spanish Ridge Avenue
      Nevada Bar No. 12820        Las Vegas, Nevada 89148

17    2835 St. Rose Pkwy., Suite 140        *Attorneys for Plaintiff*
      Henderson, NV 89052

18    *Attorneys for Defendant KRG Las Vegas*

19    *Centennial Center, LLC*

20    Dated this 25th day of September, 2025.

21    **HALL JAFFE, LLP**

22    /s/ *Kevin Smith*

23    STEVEN T. JAFFE
      Nevada Bar No. 7035

24    KEVIN S. SMITH
      Nevada Bar No. 7184

25    7425 Peak Drive
      Las Vegas, Nevada 89128

26    *Attorneys for Defendants The Home Depot,*
      *Inc., Home Depot U.S.A. Inc. d/b/a The Home*

27    *Depot, and Home Depot Management*
      *Company d/b/a The Home Depot*

28

2

1

**ORDER**

2

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant KRG LAS

3

VEGAS CENTENNIAL CENTER, LLC shall be allowed to assert Cross-Claim against

4

Defendants HOME DEPOT U.S.A., INC. AND THE HOME DEPOT, INC. A copy of the

5

[Proposed] Cross-Claim of KRG Las Vegas Centennial Center, LLC Against Home Depot U.S.A.,

6

Inc. and The Home Depot, Inc. is attached hereto as Exhibit "A."

7

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that THE HOME DEPOT,

8

INC.; HOME DEPOT U.S.A. INC. d/b/a THE HOME DEPOT; AND HOME DEPOT

9

MANAGEMENT COMPANY, LLC d/b/a THE HOME DEPOT shall be allowed to assert

10

crossclaims against Defendant KRG LAS VEGAS CENTENNIAL CENTER, LLC.

11

    A copy of the [Proposed] Cross-Claim of The Home Depot, Inc., Home Depot U.S.A., Inc.

12

dba The Home Depot, and Home Depot Management Company, LLC dba The Home Depot

13

against KRG Las Vegas Centennial Center, LLC is attached hereto as Exhibit "B."

14

**IT IS SO ORDERED:**

15

16

_____

17

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

18

19

DATED: ___9/29/2025_____

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

STEVEN T. JAFFE, ES  .
Nevada Bar No. 7035
s affe@hall affe.com
KEVIN S. SMITH, ES  .
Nevada Bar No. 7184
ksmith@hall affe.com

**HALL JAFFE, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorneys for Defendants The Home Depot, Inc.,*
*Home Depot U.S.A. Inc. d/b/a The Home Depot,*
*and Home Depot Management Company d/b/a*
*The Home Depo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDITH ROSS, as an individual<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a foreign corporation; HOME DEPOT U.S.A. INC. d/b/a THE HOME DEPOT, a foreign corporation; HOME DEPOT MANAGEMENT COMPANY, LLC d/b/a THE HOME DEPOT, a foreign limited-liability company; KRG LAS VEGAS CENTENNIAL CENTER LLC, a foreign limited-liability company; DOES I-X; and ROE CORPORATIONS I-X, Inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-00931-ART-DJA<br><br><br>**THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT S CROSS-CLAIM AGAINST KRG LAS VEGAS CENTENNIAL CENTER, LLC** |

COME NO   Defendants/Cross-Defendants/Cross-Claimants THE HOME DEPOT,

INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, and HOME DEPOT

MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT (hereinafter collectively

referred to as "Cross-Claimants"), by and through their attorneys STEVEN T. JAFFE, ES  .,

and KEVIN S. SMITH, ES   ., of HALL JAFFE, LLP, and hereby file their Cross Claim

1

against KRG LAS VEGAS CENTENNIAL CENTER, LLC (hereinafter referred to as "Cross-Defendant"), and allege as follows:

**GENERAL ALLEGATIONS**

1.      At all times relevant herein, Cross-Claimant THE HOME DEPOT, INC. is and was a foreign corporation authori ed to do business in Clark County Nevada.

2.      At all times relevant herein, Cross-Claimant HOME DEPOT U.S.A. INC. d/b/a THE HOME DEPOT is and was a foreign corporation authori ed to do business in Clark County Nevada.

3.      At all times relevant herein, Cross-Claimant HOME DEPOT MANAGEMENT COMPANY, LLC d/b/a THE HOME DEPOT is and was a foreign limited liability company authori ed to do business in Clark County Nevada.

4.      Cross-Claimants are informed and believe and thereon allege that at all times relevant herein, Cross-Defendant is and was a foreign limited liability company authori ed to do business in Clark County Nevada.

5.      Prior to the filing of this Cross-Claim, Plaintiff Judith Ross ("Plaintiff") filed a complaint ("Complaint") against Cross-Claimants. Plaintiff seeks damages for personal in uries in the complaint arising out of a trip and fall accident that occurred on May 7, 2023, on property leased by Cross-Claimants pursuant to a written lease agreement with Cross-Defendant.  The Complaint is incorporated by reference herein for the sole purpose of setting forth the allegations against Cross-Defendant.

6.      Plaintiff alleges in the Complaint, among other claims, that Cross-Defendant was negligent and that this negligence caused Plaintiff to fall and for which Plaintiff claims in uries and seeks compensation as alleged in the complaint.

7.      Cross-Claimants are informed and believe and thereon allege that the Cross-Defendant is in some manner responsible for the events and happenings to which reference is made herein and in Plaintiff s Complaint, and that the Cross-Defendant caused in ury and damage to Plaintiff as alleged herein.

. . .

**FIRST CAUSE OF ACTION**

**E    r    I d         A a    Cr    -D    da**

8.   Cross-Claimants allege and incorporate herein by this reference each of the allegations set forth in paragraphs 1 through 7 as though fully set forth herein.

9.   At the time of the incident, which is the sub ect of the Complaint, Cross-Defendant leased the property at issue in the complaint AS LANDLORD pursuant to a written lease (Agreement) entered into with Cross-Claimant Home Depot U.S.A., Inc. AS TENANT Effective Date: February 14, 2000.  Under the Agreement and Amendment, Cross-Defendant agreed to maintain insurance and to defend and indemnity Cross-Claimants as follows:

ARTICLE 10    INSURANCE
10.5 Mutual Indemnification. Landlord and Tenant shall each Indemnify (as defined below) the other from and against any and all claims, damages and liabilities arising from in ury to any person, persons or property or loss of life arising out of the use, operation or maintenance of the Shopping Center by Landlord and the Premises by Tenant, respectively.

Indemnify means that a Party ("Indemnitor") shall indemnify, protect and defend the other Party ("Indemnitee") from and against all loss, claims, actions, liens (including mechanics  liens), proceedings, liability, damages, costs or expenses, including Indemnitee s reasonable attorneys  fees incurred in defending itself against any "loss" or enforcing an owner s duty to Indemnify (collectively, "loss"), resulting from the death, bodily in ury or personal in ury of any person or physical damage to, or (in the case of a mechanics  lien) economic loss of, any property arising out of the specified matters and/or the specified duties or conduct of the Indemnitor or its agents and employees. An Indemnitee includes a Party and its officers, directors, partners, agents and employees. The duty to Indemnify shall be conditioned on the Indemnitee ade  uately notifying the Indemnitor of the circumstances entitling the Indemnitee to Indemnity so as to permit the Indemnitor to provide Indemnity. No Party shall be obligated to Indemnify a proposed Indemnitee if and to the extent that the loss (a) is caused, in whole or in part, by the Indemnitee s act, omission or negligence, or (b) has been released and waived in accordance with Section 10.4.

10.   Cross-Claimants are informed and believe and thereon allege that the in uries and damages alleged by Plaintiff in the Complaint arose out of the alleged negligence of Cross-Defendant. Cross-Claimants further allege, that in the event Plaintiff recovers damages against Cross-Claimants, said damages were caused by Cross-Defendant arising out of and connected with the performance of obligations of Cross-Defendant pursuant to the Agreement and Amendment.

3

11. Cross-Claimants have made a demand, and by this action demand, that Cross-Defendant defend, indemnify, and hold Cross-Claimants harmless for any liability, and the resulting sums to be paid, if any, which are allocated to the Cross-Claimants due to judgment on, or settlement of, the allegations in the Complaint.

12. Cross-Claimants are informed and believe and thereon allege Cross-Defendant has failed and/or refused to, and continues to fail and refuse to defend, indemnify, release, and hold harmless Cross-Claimants herein.

13. Cross-Claimants have retained the law firm of Hall Jaffe, LLP to defend the underlying action filed by Plaintiff thereby incurring costs and attorney fees in the defense of this action and in the prosecution of this Cross-Claim; and, if necessary, Cross-Claimants will seek leave of Court to amend this Cross-Claim to show the amount of said costs and attorney fees when the same become known to the Cross-Claimants.

14. Cross-Claimants are entitled to express indemnity, including costs and attorney fees, according to proof at the time of trial, from Cross-Defendant pursuant to the terms of the Agreement.

## SECOND CAUSE OF ACTION

### ra   C   ra A a   Cr   -D   da

15. Cross-Claimants allege, and incorporate herein by this reference, each of the allegations set forth in paragraphs 1 through 14 as though fully set forth herein:

16. Cross-Claimants are informed and believe and thereon allege that pursuant to the terms of the Agreement, Cross-Defendant undertook obligations, including but not limited to, indemnifying, defending, and holding Cross-Claimants harmless and naming Cross-Claimants as additional insureds with respect to any and all claims of negligence asserted against Cross-Defendant and Cross-Claimants.

17. Cross-Claimants have fully performed all conditions, covenants and promises re uired of them to be performed in accordance with the terms and conditions of the agreements at issue in this Cross-claim.

4

18.    Cross-Claimants are informed and believe and thereon allege that Cross-Defendant breached the Agreement by refusing and failing to comply with its contractual obligation to indemnify, defend and hold Cross-Claimants harmless and to name Cross-Claimants as additional insureds.

19.    As a direct and proximate result of Cross-Defendant s breach of contract, Cross-Claimants have been damaged in a sum which is currently unascertainable; if necessary, Cross-Claimants will seek leave of court to amend their Cross-Claim when such sum can be reasonably ascertained.

20.    Cross-Claimants have necessarily engaged the law firm of HALL JAFFE, LLP to represent them in the defense of Plaintiff s Complaint and in prosecution of this Cross-Claim, and have incurred legal fees, court costs, and investigation costs, and will in the future incur further fees and costs by reason of Plaintiff s Complaint referenced herein, for which Cross-Defendant is liable to Cross-Claimants.

### THIRD CAUSE OF ACTION

**F r E    ab  I  d        A a    Cr  -D    da**

21.    Cross-Claimants allege and incorporate by reference each of the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22.    Cross-Claimants, by way of their Answer to Plaintiff s Complaint, have denied and continue to deny Plaintiff s allegations and have asserted by way of Answer the appropriate affirmative defenses.

23.    In the event, however, the trier of fact concludes Cross-Claimants, or any of them, are liable to Plaintiff in the complaint, or if Cross-Claimants should enter into a settlement or compromise with Plaintiff, Cross-Claimants allege that any responsibility, settlement, or compromise on the part of Cross-Claimants will be due to the negligence and/or fault of Cross-Defendant.

24.    By reason of the foregoing, if Plaintiff recovers  udgment against Cross-Claimants and/or if Cross-Claimants should enter into a settlement or compromise with Plaintiff, then Cross-Claimants will be entitled to  udgment in the like amount, in whole or in

proportion to fault, for indemnity over and against Cross-Defendant; and in addition, Cross-Claimants will be entitled to recover from Cross-Defendant all costs, expenses, and attorney fees that Cross-Claimants incur in the preparation and presentation of their defense of the principal action and in the preparation, presentation, and prosecution of this Cross-Claim.

**FOURTH CAUSE OF ACTION**

**F r D    ara r R    R    ard    D    D    d A a    Cr -D    da**

25.    Cross-Claimants allege and incorporate by reference each of the allegations set forth in paragraphs 1 through 24 as though fully set forth herein.

26.    An actual controversy exists between Cross-Claimants and Cross-Defendant about their rights and liabilities with respect to any ultimate responsibility to the Plaintiff, if any, and with respect to the rights of Cross-Claimants to receive, and the duty of the Cross-Defendant to provide a defense to Cross-Claimants and to hold Cross-Claimants harmless. Cross-Claimants contend that they are entitled to a determination that Cross-Defendant has an obligation to defend Cross-Claimants before any determination of the liability of the Cross-Defendant for the damages alleged by Plaintiff.  Cross-Claimants are informed and believe and thereon allege that Cross-Defendant contends to the contrary, and therefore, an actual controversy exists relative to the legal rights and duties of the respective parties pursuant to their written agreements, which controversy Cross-Claimants ask the Court to resolve.

**FIFTH CAUSE OF ACTION**

**F r D    ara r R    R    ard    D    I d    A a    Cr -D    da**

27.    Cross-Claimants allege and incorporate by reference each of the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28.    An actual controversy exists between Cross-Claimants and Cross-Defendant about their rights and liabilities with respect to any ultimate responsibility for Plaintiff s claims and with respect to the right to receive, or duty to give indemnification in whole or in proportion to their comparative fault; Cross-Claimants contend that if they suffer  udgment in the action brought by Plaintiff, or if they pay monies by way of reasonable compromise of said claim, then Cross-Claimants are entitled to be indemnified by Cross-Defendant, and are

6

1    entitled to judgment over and against Cross-Defendant to the extent of Cross-Claimants

2    financial responsibility to Plaintiff if any, and for all fees and costs incurred in defense of

3    Plaintiff s Complaint.

4        29.    Cross-Claimants are informed and believe and thereon allege that Cross-

5    Defendant disputes its obligations under the agreements to the contrary, and an actual

6    controversy exists relative to the legal rights and duties of the respective parties pursuant to

7    their written agreements, which controversy Cross-Claimants ask the Court to resolve.

8                        **SI TH CAUSE OF ACTION**

9                    **C    r b    A a    Cr  -D    da**

10       30.    Cross-Claimants allege and incorporate by reference each of the allegations set

11    forth in paragraphs 1 through 29 as though fully set forth herein.

12       31.    Cross-Claimants contend they are not responsible legally, or otherwise, for the

13    damages alleged by Plaintiff in this litigation and despite this, Cross-Claimants have incurred

14    expenses investigating and defending the claims asserted by Plaintiff.

15       32.    In the event the trier of fact concludes Cross-Claimants are liable to Plaintiff,

16    Cross-Claimants allege that any responsibility found on the part of Cross-Claimants, and any

17    of them, which Cross-Claimants deny, will be due to the negligence and/or fault of Cross-

18    Defendant.

19       33.    By reason of the foregoing, if Plaintiff recovers judgment against Cross-

20    Claimants and/or if Cross-Claimants should enter into a settlement compromise with Plaintiff,

21    then Cross-Claimants will be entitled to contribution over and against Cross-Defendant for all

22    such amounts and costs, expenses, and attorney fees that Cross-Claimants incurred in the

23    preparation and presentation of the defense of the principal action, and in the preparation,

24    presentation and prosecution of Cross-Claimants.

25       34.    Cross-Claimants have necessarily engaged the law firm of HALL JAFFE, LLP

26    to represent them in the main action herein and Cross-Claimants have incurred legal fees,

27    Court costs, investigation costs, and will, in the future, incur further fees and costs, as

28

                                   7

aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendant is liable to Cross-Claimants.

**SEVENTH CAUSE OF ACTION**

**A    r         A a    Cr   -D      da**

35.    Cross-Claimants allege and incorporate by reference each of the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.    Cross-Claimants contend they are not responsible, legally, or otherwise, for the damages alleged by Plaintiff in this litigation; despite this, Cross-Claimants have incurred expenses investigating and defending the claims asserted by Plaintiff.

37.    In the event the trier of fact concludes Cross-Claimants, or any of them, are liable to Plaintiff in this action, then Cross-Claimants allege any responsibility found on the part of Cross-Claimants, or any of them, will be due to the negligence and/or fault of Cross-Defendant.

38.    By reason of the foregoing, if Plaintiff recovers  udgment against Cross-Claimants and/or if Cross-Claimants should enter into a settlement or compromise with Plaintiff, then Cross-Claimants will be entitled to apportionment over and against Cross-Defendant for all such amounts and all costs,  udgments, settlements, expenses, and attorney fees that Cross-Claimants incur in the preparation and presentation of their defense of the principal action and in the preparation, presentation and prosecution of this Cross-Claim, respectively.

39.    Cross-Claimants have necessarily engaged the law firm of HALL JAFFE, LLP to represent them in the main action herein and in this Cross-Claim and have incurred legal fees, Court costs, investigation costs, and will, in the future, incur further fees and costs, as aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendant is liable to Cross-Claimants.

. . .

. . .

. . .

### EIGHTH CAUSE OF ACTION

### N          A a    Cr   -D    da

40.    Cross-Claimants allege and incorporate herein by this reference, each of the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.    Cross-Defendant owes a contractual and/or legal duty to Cross-Claimants to exercise due and reasonable care in the operation of its business and in its role as a landlord of the property at issue in Plaintiff s Complaint.

42.    If Plaintiff sustained in uries and damages because of the incident which is the sub ect of Plaintiff s Complaint, which Cross-Claimants deny, Cross-Defendant is responsible for such in uries and damages in that it failed to act reasonably and with due care, thereby breaching its duties owed to Cross-Claimants.

43.    If Plaintiff sustained in uries and damages because of the accident which is the sub ect of Plaintiff s Complaint, which Cross-Claimants deny, the acts and omissions of Cross-Defendant was the direct and proximate cause of any and all damages incurred by Cross-Claimants by virtue of Plaintiff s Complaint.

44.    Cross-Defendant is liable for any damages for which Cross-Claimants may be ad udged to be liable by virtue of Plaintiff s Complaint.

45.    Cross-Claimants have necessarily engaged the firm of HALL JAFFE, LLP to represent them in the main action herein and in this Cross-Claim and have incurred legal fees, Court costs, investigation costs, and will in the future incur further fees and costs, as aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendant is liable to Cross-Claimants.

HEREFORE, Cross-Claimants pray for udgment against Cross-Defendant as follows:

1.    For compensatory damages in an amount in excess of   15,000.00 according to proof with respect to all causes of action alleged in this action.

2.  A determination that Cross-Defendant contributed in whole or in some percentage to any loss, damage and detriment alleged by Plaintiff by which the conduct of Cross-Defendant contributed to the loss, damage and in uries, if any, of Plaintiffs.

3.  That, if Plaintiff should recover any sum or udgment against Cross-Claimants, Cross-Claimants should have udgment against Cross-Defendant in an amount e ual to the udgment of Plaintiff, or for an e uitable portion of the udgment according to the proportionate fault of each party causing the loss, damage, and detriment to Cross-Claimants.

4.  That Cross-Claimants are entitled to indemnification from Cross-Defendant.

5.  That Cross-Claimants are entitled to a defense from Cross-Defendant.

6.  For a declaration of rights and obligations as between Cross-Claimants and Cross-Defendant regarding the duty to defend and indemnify Cross-Claimants by Cross-Defendant.

7.  For attorney fees, expert fees, and costs, and all taxable costs incurred in defending Complaint and in connection with the Cross-Claimant herein and as provided by the Agreement and by statute.

8.  For pre udgment and post- udgment interest.

9.  For contribution pursuant to NRS 17.225.

10. For costs of suit incurred herein; and

11. For such other and further relief as this Court may deem ust and proper.

DATED this _____ day of September, 2025.

**HALL JAFFE, LLP**

*/s/ Ste en T. affe*

By:_____

STEVEN T. JAFFE, ES .
Nevada Bar No. 7035
KEVIN S. SMITH, ES .
Nevada Bar No. 7184
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorney for Defendants*
*Defendants The Home Depot, Inc.,*
*Home Depot U.S.A. Inc. d/b/a The Home*
*Depot, and Home Depot Management*
*Company*

10

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of **HALL JAFFE, LLP**, and on this _____ day of September, 2025, I served a copy of the foregoing **THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE THE HOME DEPOT S CROSS-CLAIM AGAINST KRG LAS VEGAS CENTENNIAL CENTER, LLC** as follows:

**U.S. MAIL**    By depositing a true copy thereof in the U.S. Mail, first class postage prepaid and addressed as listed below; and/or

**FACSIMILE**    By facsimile transmission to the facsimile number(s) shown below; and/or

**HAND DELIVERY**    By hand-delivery to the addresses listed below; and/or

**ELECTRONIC SERVICE**    Pursuant to the Court s CM/ECF e-filing system.

Jacob S. Smith, Es .
**HENNESS & HAIGHT**
8972 Spanish Ridge Avenue
Las Vegas, NV  89148
Attorneys for Plaintiff

Griffith H. Hayes, Es .
Michael Mcloughlin, Es .
**TYSON & MENDES LLP**
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Attorneys for Defendant/Cross-Claimant/Cross-Defendant
KRG LAS VEGAS CENTENNIAL CENTER, LLC


_/s/_ _____
An Employee of
**HALL JAFFE, LLP**

11

# EXHIBIT B

# EXHIBIT B

| | |
|---|---|
| 1 | **TYSON & MENDES LLP**<br>GRIFFITH H. HAYES |
| 2 | Nevada Bar No. 7374 |
| 3 | MICHAEL MCLOUGHLIN<br>Nevada Bar No. 12820 |
| 4 | Email(s):  ghayes@tysonmendes.com<br>              mmcloughlin@tysonmendes.com |
| 5 | 2835 St. Rose Pkwy., Suite 140 |
| 6 | Henderson, NV 89052<br>Telephone: (702) 724-2648 |
| 7 | Facsimile: (702) 410-7684<br>*Attorneys for Defendant KRG Las Vegas* |
| 8 | *Centennial Center, LLC* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 11 | JUDITH ROSS, as an individual, | Case No. 25-cv-00931 |
| 12 | Plaintiff, | [District Court, Clark County Case No. A-25-913693-C Dept. No. 4] |
| 13 | v. | |
| 14 | | **CROSS CLAIM AGAINST THE HOME** |
| 15 | THE HOME DEPOT, INC., a foreign corporation; HOME DEPOT U.S.A. INC. | **DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME** |
| 16 | d/b/a THE HOME DEPOT, a foreign corporation; HOME DEPOT | **DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT** |
| 17 | MANAGEMENT COMPANY, LLC d/b/a THE HOME DEPOT, a foreign limited- | |
| 18 | liability company; KRG LAS VEGAS CENTENNIAL CENTER, LLC; a foreign | |
| 19 | limited-liability company; DOES I-X; and ROE CORPORATIONS I-X, inclusive, | |
| 20 | | |
| 21 | Defendants.<br>KRG LAS VEGAS CENTENNIAL | |
| 22 | CENTER, LLC | |
| 23 | Cross-Claimant | |
| 24 | vs. | |
| 25 | THE HOME DEPOT, INC. and HOME | |
| 26 | DEPOT U.S.A. INC. | |
| 27 | Cross-Defendant. | |
| 28 | | |

1

COMES NO    KRG Las Vegas Centennial Center, LLC ("Defendant") by and through its attorneys of records, the law firm of TYSON    MENDES, LLP, and hereby files its Cross Claim against THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT., and alleges as follows:

**CROSS-CLAIM AGAINST THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT GENERAL ALLEGATIONS**

1.     At all times relevant herein, Cross-Claimant is and was a foreign limited liability company authori ed to do business in Clark County Nevada.

2.     Cross-Claimant is informed and believes and thereon alleges that at all times relevant herein, Cross-Defendants THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE HOME DEPOT, ("Cross-Defendant Home Depot" or collectively "Cross-Defendants") are foreign business entities authori ed to do business in Clark County Nevada.

3.     At all relevant times, each Cross-Defendants were the agent, servant and/or employee of each of the remaining Cross-Defendants and were acting within the course and scope of said agency and employment.

4.     Prior to the filing of this Cross-Claim, Plaintiff Judith Ross ("Plaintiff") filed a complaint ("Complaint") against Cross-Claimant. Plaintiff seeks damages for personal in uries in the complaint arising out of a slip and fall that occurred on May 7, 2023, on property leased by Cross-Defendants pursuant to a written lease agreement with Cross-Claimant.  The Complaint is incorporated by reference herein for the sole purpose of setting forth the allegations against Cross-Defendants.

5.     Plaintiff alleges in the Complaint, among other claims, that Cross-Defendants were negligent and that this negligence caused Plaintiff to fall and for which Plaintiff claims in uries and seeks compensation as alleged in the complaint.

6.     Cross-Claimant is informed and believes and thereon alleges each of the Cross-

2

Defendants are in some manner responsible for the events and happenings to which reference is made herein and in Plaintiff s Complaint, and that each of the Cross-Defendants caused in ury and damage to Plaintiff as alleged herein.

## FIRST CAUSE OF ACTION
### E   r   I d          A a    A Cr  -D     da

7.      Cross-Claimant alleges and incorporates herein by this reference each of the allegations set forth in paragraphs 1 through 6 as though fully set forth herein.

8.      At the time of the incident, which is the sub ect of the Complaint, Cross-Defendants were leasing the property at issue in the complaint pursuant to a written lease (Agreement) entered into with Cross-Claimant AS LANDLORD, and HOME DEPOT U.S.A, INC,, AS TENANT Effective Date: February 14, 2000.  Under the Agreement and Amendment, Cross-Defendants agreed to maintain insurance and to defend and indemnity Cross-Claimant:

### ARTICLE        INSURANCE

10.5 Mutual Indemnification. Landlord and Tenant shall each Indemnify (as defined below) the other from and against any and all claims, damages and liabilities arising from in ury to any person, persons or property or loss of life arising out of the use, operation or maintenance of the Shopping Center by Landlord and the Premises by Tenant, respectively.

Indemnify means that a Party ("Indemnitor") shall indemnify, protect and defend the other Party ("Indemnitee") from and against all loss, claims, actions, liens (including mechanics liens), proceedings, liability, damages, costs or expenses, including Indemnitee s reasonable attorneys fees incurred in defending itself against any "loss" or enforcing an owner s duty to Indemnify (collectively, "loss"), resulting from the death, bodily in ury or personal in ury of any person or physical damage to, or (in the case of a mechanics lien) economic loss of, any property arising out of the specified matters and/or the specified duties or conduct of the Indemnitor or its agents and employees. An Indemnitee includes a Party and its officers, directors, partners, agents and employees. The duty to Indemnify shall be conditioned on the Indemnitee ade uately notifying the Indemnitor of the circumstances entitling the Indemnitee to Indemnity so as to permit the Indemnitor to provide Indemnity. No Party shall be obligated to Indemnify a proposed Indemnitee if and to the extent that the loss (a) is caused, in whole or in part, by the Indemnitee s act, omission or negligence, or (b) has been released and waived in accordance with Section 10.4.

9.      Cross-Claimant informed and believes and thereon alleges that the in uries and damages alleged by Plaintiff in the Complaint arose out of the alleged negligence of Cross-Defendants. Cross-Claimant further alleges, that in the event Plaintiff recovers damages against

3

Cross-Claimant, said damages were caused by Cross-Defendants, and each of them, arising out of and connected with the performance of obligations of Cross-Defendants pursuant to the Agreement and Amendment.

10.    Cross-Claimant has made a demand, and by this action demands, that Cross-Defendants, defend, indemnify, and hold Cross-Claimant harmless for any liability, and the resulting sums to be paid, if any, which are allocated to the Cross-Claimant due to  udgment on, or settlement of, the allegations in the Complaint.

11.    Cross-Claimant is informed and believes and thereon alleges Cross-Defendant Defendants and each of them, have failed and/or refused to, and continue to fail and refuse to defend, indemnify, release, and hold harmless Cross-Claimant herein.

12.    Cross-Claimant has retained the law firm of Tyson      Mendes, LLP to defend the underlying action filed by Plaintiff thereby incurring costs and attorney fees in the defense of this action and in the prosecution of this Cross-Claim and, if necessary, Cross-Claimant will seek leave of Court to amend this Cross-Claim to show the amount of said costs and attorney fees when the same become known to the Cross-Claimant.

13.    Cross-Claimant is entitled to express indemnity, including costs and attorney fees, according to proof at the time of trial, from Cross-Defendants, and each of them, pursuant to the terms of the Agreement.

**SECOND CAUSE OF ACTION**
r a        C    ra A a      A Cr - D    da

14.    Cross-Claimant alleges, and incorporates herein by this reference, each of the allegations set forth in paragraphs 1 through 13 as though fully set forth herein:

15.    Cross-Claimant is informed and believes and thereon alleges that pursuant to the terms of the Agreement, Cross-Defendants, and each of them, undertook obligations, including but not limited to, indemnifying, defending, and holding Cross-Claimant harmless and naming Cross-Claimant as an additional insured with respect to any and all claims of negligence asserted against Cross-Defendants and Cross-Claimant.

16.    Cross-Claimant has fully performed all conditions, covenants and promises

4

re uired of it to be performed in accordance with the terms and conditions of the agreements at issue in this Cross-claim.

17.    Cross-Claimant is informed and believes and thereon alleges that Cross-Defendants, and each of them, have breached the Agreement by refusing and failing to comply with their contractual to indemnify, defend and hold Cross-Claimant harmless and to name Cross-Claimant as an additional insured.

18.    As a direct and proximate result of Cross-Defendants breach of contract, Cross-Claimant has been damaged in a sum which is currently unascertainable; if necessary, Cross-Claimant will seek leave of court to amend its Cross-Claim when such sum can be reasonably ascertained.

19.    Cross-Claimant has necessarily engaged the law firm of TYSON    MENDES, LLP to represent it in the defense of Plaintiff s Complaint and in prosecution of this Cross-Claim, and has incurred legal fees, court costs, and investigation costs, and will in the future incur further fees and costs by reason of Plaintiff s Complaint referenced herein, for which Cross-Defendants are liable to Cross-Claimants.

### THIRD CAUSE OF ACTION
#### F r E    ab I d    A a    A Cr  - D    da

20.    Cross-Claimant alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21.    Cross-Claimant, by way of its Answer to Plaintiff s Complaint, has denied and continues to deny Plaintiff s allegations and has asserted by way of Answer the appropriate affirmative defenses.

22.    In the event, however, the trier of fact concludes Cross-Claimant is liable to Plaintiff in the complaint, or if Cross-Claimant should enter into a settlement or compromise with Plaintiff, Cross-Claimant alleges that any responsibility, settlement, or compromise on the part of Cross-Claimant will be due to the negligence and/or fault of Cross-Defendants.

23.    By reason of the foregoing, if Plaintiff recovers udgment against Cross-Claimant and/or if Cross-Claimant should enter into a settlement or compromise with Plaintiff, then Cross-

1    Claimant will be entitled to  udgment in the like amount, in whole or in proportion to fault, for

2    indemnity over and against Cross-Defendants, and each of them; and in addition, Cross-Claimant

3    will be entitled to recover from Cross-Defendants, and each of them, all costs, expenses, and

4    attorney fees that Cross-Claimant incurs in the preparation and presentation of its defense of the

5    principal action and in the preparation, presentation, and prosecution of this Cross-Claim.

### FOURTH CAUSE OF ACTION
**F r D  ara  r R    R  ard  D    D    d A  a    A  Cr  -D    da**

8    24.    Cross-Claimant alleges and incorporates by reference each of the allegations set

9    forth in paragraphs 1 through 23 as though fully set forth herein.

10    25.    An actual controversy exists between Cross-Claimant and Cross-Defendants about

11    their rights and liabilities with respect to any ultimate responsibility to the Plaintiff, if any, and

12    with respect to the rights of Cross-Claimant to receive, and the duty of the Cross-Defendants to

13    provide a defense to Cross-Claimant and to hold Cross-Claimant harmless. Cross-Claimant

14    contends that it is entitled to a determination that Cross-Defendants have an obligation to defend

15    Cross-Claimants before any determination of the liability of the Cross-Defendants for the damages

16    alleged by Plaintiff.  Cross-Claimant is informed and believes and thereon alleges that Cross-

17    Defendants contend to the contrary, and therefore, an actual controversy exists relative to the legal

18    rights and duties of the respective parties pursuant to their written agreements, which controversy

19    Cross-Claimant re  uests the Court to resolve.

### FIFTH CAUSE OF ACTION
**F r D   ara  r R    R  ard  D    I  d      A  a    a Cr  -D    da**

22    25.    Cross-Claimant alleges and incorporates by reference each of the allegations set

23    forth in paragraphs 1 through 24 as though fully set forth herein.

24    26.    An actual controversy exists between Cross-Claimant and Cross-Defendants about

25    their rights and liabilities with respect to any ultimate responsibility for Plaintiff s claims and with

26    respect to the right to receive, or duty to give indemnification in whole or in proportion to their

27    comparative fault; Cross-Claimant contends that if it suffers  udgment in the action brought by

28    Plaintiff, or if it pays monies by way of reasonable compromise of said claim, then Cross-Claimant

is entitled to be indemnified by Cross-Defendants, and entitled to judgment over and against Cross-Defendants to the extent of Cross-Claimant s financial responsibility to Plaintiff if any, and for all fees and costs incurred in defense of Plaintiff s Complaint.

27.     Cross-Claimant is informed and believes and thereon alleges that Cross-Defendants dispute their obligations under the agreements to the contrary, and an actual controversy exists relative to the legal rights and duties of the respective parties pursuant to their written agreements, which controversy Cross-Claimant re uests the Court to resolve.

**SI TH CAUSE OF ACTION**
C    r b     A a     a Cr  -D    da

28.     Cross-Claimant alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Cross-Claimant contends it is not responsible legally, or otherwise, for the damages alleged by Plaintiff in this litigation and despite this, Cross-Claimant has incurred expenses investigating and defending the claims asserted by Plaintiff.

30.     In the event the trier of fact concludes Cross-Claimant is liable to Plaintiff, Cross-Claimant alleges that any responsibility found on the part of Cross-Claimant, which Cross-Claimant denies, will be due to the negligence and/or fault of Cross-Defendants.

31.     By reason of the foregoing, if Plaintiff recovers judgment against Cross-Claimant and/or if Cross-Claimant should enter into a settlement compromise with Plaintiff, then Cross-Claimant will be entitled to contribution over and against Cross-Defendants, and each of them, for all such amounts and costs, expenses, and attorney fees that Cross-Claimant incurred in the preparation and presentation of the defense of the principal action, and in the preparation, presentation and prosecution of this Cross-Claimant.

32.     Cross-Claimant has necessarily engaged the law firm of TYSON    MENDES, LLP to represent it in the main action herein and this Cross-Claimant and has incurred legal fees, Court costs, investigation costs, and will, in the future, incur further fees and costs, as aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendants are liable to Cross-Claimant.

7

**SEVENTH CAUSE OF ACTION**
A    r         A a    A Cr    -D    da

33.    Cross-Claimant alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.    Cross-Claimant contends it is not responsible, legally, or otherwise, for the damages alleged by Plaintiff in this litigation; despite this, Cross-Claimant has incurred expenses investigating and defending the claims asserted by Plaintiff.

35.    In the event the trier of fact concludes Cross-Claimant is liable to Plaintiff in this action, then Cross-Claimant alleges any responsibility found on the part of Cross-Claimant will be due to the negligence and/or fault of Cross-Defendants.

36.    By reason of the foregoing, if Plaintiff recovers  udgment against Cross-Claimant and/or if Cross-Claimant should enter into a settlement or compromise with Plaintiff, then Cross-Claimant will be entitled to apportionment over and against Cross-Defendants, and each of them, for all such amounts and all costs,  udgments, settlements, expenses, and attorney fees that Cross-Claimants incurs in the preparation and presentation of its defense of the principal action and in the preparation, presentation and prosecution of this Cross-Claim, respectively.

37.    Cross-Claimant has necessarily engaged the law firm of TYSON    MENDES, LLP to represent it in the main action herein and in this Cross-Claim and has incurred legal fees, Court costs, investigation costs, and will, in the future, incur further fees and costs, as aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendants are liable to Cross-Claimant.

**EIGHTH CAUSE OF ACTION**
N        A a    A Cr    -D    da

38.    Cross-Claimant alleges and incorporates herein by this reference, each of the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.    Cross-Defendants, and each of them, owe a contractual and/or legal duty to Cross-Claimant to exercise due and reasonable care in the operation of their business and in their role as a tenant in the property at issue in Plaintiff s Complaint.

8

40.     If Plaintiff sustained injuries and damages because of the incident which is the subject of Plaintiff's Complaint, which Cross-Claimant denies, Cross-Defendants, and each of them, are responsible for such injuries and damages in that it failed to act reasonably and with due care, thereby breaching their duties owed to Cross-Claimant.

41.     If Plaintiff sustained injuries and damages because of the accident which is the subject of Plaintiff's Complaint, which Cross-Claimant denies, the acts and omissions of Cross-Defendants, and each of them, were the direct and proximate cause of any and all damages incurred by Cross-Claimant by virtue of Plaintiff's Complaint.

42.     Cross-Defendants are liable for any damages for which Cross-Claimant may be adjudged to be liable by virtue of Plaintiff's Complaint.

43.     Cross-Claimant has necessarily engaged the firm of TYSON & MENDES, LLP to represent it in the main action herein and in this Cross-Claim and has incurred legal fees, Court costs, investigation costs, and will in the future incur further fees and costs, as aforesaid, all by reason of the Complaint instituted by Plaintiff herein, for which Cross-Defendants are liable to Cross-Claimant.

        HEREFORE, Cross-Claimant prays for judgment against Cross-Defendants and each of them as follows:

1.     For compensatory damages in an amount in excess of $15,000.00 according to proof with respect to all causes of action alleged in this action.

2.     A determination that Cross-Defendants, and each of them, contributed in whole or in some percentage to any loss, damage and detriment alleged by Plaintiff by which the conduct of Cross-Defendants, and each of them, contributed to the loss, damage and injuries, if any, of Plaintiffs.

3.     That, if Plaintiff should recover any sum or judgment against Cross-Claimant, Cross-Claimant should have judgment against Cross-Defendants, and each of them, in an amount equal to the judgment of Plaintiff, or for an equitable portion of the judgment according to the proportionate fault of each party causing the loss, damage, and detriment to Cross-Claimant.

9

4.      That Cross-Claimant is entitled to indemnification from Cross-Defendants.

5.      That Cross-Claimant is entitled to a defense from Cross-Defendants.

6.      For a declaration of rights and obligations as between Cross-Claimant and Cross-Defendants regarding the duty to defend and indemnify Cross-Claimant by Cross-Defendants.

7.      For attorney fees, expert fees, and costs, and all taxable costs incurred in defending Complaint and in connection with the Cross-Claimant herein and as provided by the Agreement and by statute.

8.      For pre udgment and post- udgment interest.

9.      For contribution pursuant to NRS 17.225.

10.     For costs of suit incurred herein; and

11.     For such other and further relief as this Court may deem  ust and proper.

Dated: September 25, 2025    TYSON    MENDES LLP

_____
Griffith H. Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant KRG Las Vegas Centennial Center, LLC*

10

1

## <u>CERTIFICATE OF SERVICE</u>

2

Pursuant to FRCP 5(b), and/or LR IC 4-1, I hereby certify that I am an employee of Tyson

3

Mendes LLP, and on September 22, 2025, I caused the foregoing document entitled **CROSS**

4

**CLAIM AGAINST THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC d/b/a/ THE**

5

**HOME DEPOT, AND HOME DEPOT MANAGEMENT COMPANY, LLC. d/b/a THE**

6

**HOME DEPOT** to be served upon the following individuals via electronic mail.

7

8  Jacob S. Smith
   HENNES    HAIGHT

9  8972 Spanish Ridge Avenue
   Las Vegas, Nevada 89148

10 Phone: (702) 862-8200
   Facsimile: (702) 862-8204

11 Jake@hennessandhaight.com
   *Attorneys for Plaintiff*

12

13

14

15

16

17                                              */s/*
                                                An employee of Tyson    Mendes LLP
18

19

20

21

22

23

24

25

26

27

28

11